UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>INTERTECH TRADING CORPORATION,<br><br>Defendant. | Case No. 22-cr-66-PB-1 |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, Jane E. Young, United States Attorney for the District of New Hampshire, and the defendant, Intertech Trading Corporation, including any and all of its predecessors, successors, departments, offices, parents, and present and former subsidiaries, affiliates, and divisions (collectively, "Intertech" or the "defendant"), and the defendant's attorneys, Shaheen & Gordon, P.A., enter into the following Plea Agreement:

1. The Plea and The Offense.

The defendant agrees to waive its right to have this matter presented to a grand jury and to plead guilty to an Information charging Intertech with fourteen counts of Failure to File Export Information, in violation of Title 13, United States Code, Section 305.

In exchange for the defendant's guilty plea, the United States agrees to the stipulations identified in Section 6 of this agreement. The defendant hereby waives any defenses it may have to the Information on the grounds of multiplicity or the statute of limitations.

2. The Statute and Elements of the Offense.

Title 13, United States Code, Section 305 provides, in pertinent part:

-1-

> Any person who knowingly fails to file or knowingly submits false or misleading export information through the Shippers Export Declaration (SED) (or any successor document) or the Automated Export System (AES) shall be subject to a fine not to exceed $10,000 per violation or imprisonment for not more than 5 years, or both.

The defendant understands that the offense has the following elements:

<u>First</u>, that the defendant acted knowingly; and

<u>Second</u>, that the defendant failed to file or submitted false or misleading export information through the Shippers Export Declaration (SED), any successor document, or the Automated Export System.

3. <u>Offense Conduct</u>.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

Defendant Intertech Trading Corporation is a laboratory equipment distributor founded in 1990 and headquartered in Atkinson, New Hampshire. Intertech is affiliated with "local companies" located in Russia, Ukraine, Kazakhstan, and Belarus. Between 2015 and approximately June 2019, Intertech exported certain items constituting laboratory equipment and parts to Intertech's offices in Russia, Ukraine, and Kazakhstan, via the U.S. Postal Service's Express Mail Service. Intertech typically addressed the shipments to a family member of an employee of the overseas office, rather than to the business entity that ordered the goods. Intertech falsely described the nature and value of the exported items on the commercial invoice and on the U.S. Postal Service shipping confirmation form. Intertech failed to file Electronic Export Information ("EEI") through the Automated Export System for certain of the shipments,



even though EEI was required to be filed because the value of the items was more than $2,500. These unlawful shipments included the following:

| Count | Date | Destination | Declared Contents | Declared Value | Actual Article(s) | True Value |
|---|---|---|---|---|---|---|
| 1 | 10/18/2016 | Ukraine | SPARE PARTS FOR AQUARIUM | $ 118.00 | SeaSpray U-Series Nebulizer x6<br>Capillary Quartz Injector x2<br>Quartz Torch for iCAP 6000 x2<br>WHT PVC Pump Tube x3<br>Duo Periscope Window x2 | $ 5,210.00 |
| 2 | 10/12/2017 | Russia | SPARE LAMP FOR AQUARIUM SYSTEM | $ 20.00 | X700 Laser Assy | $ 3,273.00 |
| 3 | 2/8/2018 | Russia | LAMP FOR AQUARIUM | $ 20.00 | IS50 Laser Assembly | $ 3,365.00 |
| 4 | 2/22/2018 | Russia | SPARES FOR WELDING SYSTEM | $ 95.00 | Spare MCP SEM Detector<br>Prima Dual Filament Mesh Thoria Assembly x2 | $ 7,573.88 |
| 5 | 4/25/2018 | Ukraine | SPARE PART FOR AQUARIUM | $ 56.00 | Tzero Pans<br>Tzero Hermetic Lids | $ 2,580.00 |
| 6 | 5/15/2018 | Ukraine | SPARE PART FOR AQUARIUM | $ 108.00 | CUV Extended Lifetime x5<br>Contact Cones - Zeeman x4 | $ 6,508.81 |
| 7 | 5/21/2018 | Ukraine | SPARE PART FOR AQUARIUM | $ 116.00 | Zeeman Centre Block Assy | $ 5,151.28 |
| 8 | 10/23/2018 | Russia | SPARES FOR WELDING SYSTEM | $ 95.00 | Prima Dual Filament Mesh Thoria Assembly x2<br>Prima Capillary Assembly MK2 | $ 4,020.00 |
| 9 | 11/5/2018 | Ukraine | SPARE PARTS FOR MULTIMEDIA | $ 128.00 | Evolution 300 Xenon Lamp<br>EV300 Spare Cover<br>Evolution 300 M1<br>Evolution 300 M2 | $ 4,682.00 |
| 10 | 11/14/2018 | Ukraine | SPARE PART FOR AQUARIUIM | $ 115.00 | Evolution 300/600 CVC | $ 2,880.00 |
| 11 | 12/1/2018 | Ukraine | SPARE PARTS FOR MUTLIMEDIA SYSTEMS(LAMP, OBJECTIVE CONDENSER, HOLDER) | $ 135.00 | 32X Infinity Corrected Reflachromat Objective<br>32X Infinity Corrected Reflachromat Condenser<br>Four Place Brightfield Nosepiece<br>X700 Laser Assy | $ 13,710.00<br>$ 3,064.00<br>$ 3,371.00 |
| 12 | 12/20/2018 | Ukraine | SPARE PARTS FOR AQUARIUM | $ 116.00 | GE Parts | $ 3,324.00 |
| 13 | 12/29/2018 | Ukraine | SPARE PARTS FOR MULTIMEDIA | $ 148.00 | LRU iN10 Detector<br>iS10 IR Source | $ 4,222.80 |
| 14 | 3/21/2019 | Ukraine | SPARE PARTS FOR MULTIMEDIA SYSTEMS | $ 148.00 | Peventative Maintenance Kit for Nicolet 380<br>ZnSe Trough Replacement Crystal<br>PressLok Holder<br>iN10 OBC Board | $ 4,252.00 |



4. <u>Penalties, Special Assessment and Restitution</u>.

The defendant understands that the penalties for the offense are:

A.      A maximum fine of $10,000 per count [13 U.S.C. § 305(a)(1)];

B.      A term of probation of not more than five years per count [18 U.S.C. § 3561(c)(1)]; and

C.      A mandatory special assessment of $400 per count [18 U.S.C. § 3013(a)(2)(b)].

5. <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that it has no right to withdraw from this Plea Agreement if the applicable advisory guidelines or its sentence is other than it anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A.      Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.      Respond to questions from the Court;

C.      Correct any inaccuracies in the pre-sentence report;

D.      Respond to any statements made by its representative or its counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that it may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory



Sentencing Guidelines that the Court will adopt, and that the Sentencing Guidelines may not specify a sentencing range in this case.

6. <u>Sentencing Stipulations and Agreements</u>.

Pursuant to Fed. R. Crim. 11(c)(1)(C), the United States and the defendant stipulate and agree that a fine of $10,000 per count, for a total of $140,000, two years of probation on each count to run concurrently, and a special assessment of $400 per count, for a total of $5,600, is an appropriate disposition of this case. The conditions of probation shall include the recommended conditions for organizations in U.S.S.G. § 8D1.4 that the Court deems applicable.

The parties intend the above stipulation to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding, the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw its guilty plea.

The parties are free to make recommendations with respect to conditions of probation as each party may deem lawful and appropriate unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. <u>Waiver of Trial Rights and Consequences of Plea</u>.

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding. The defendant also understands that it has the right:

- A. To plead not guilty or to maintain that plea if it has already been made;
- B. To be tried by a jury and, at that trial, to the assistance of counsel;
- C. To confront and cross-examine witnesses; and
- D. To compulsory process for the attendance of witnesses to testify in its defense.

-5-



The defendant understands and agrees that by pleading guilty it waives and gives up the foregoing rights and that upon the Court's acceptance of its guilty plea, it will not be entitled to a trial.

The defendant understands that if it pleads guilty, the Court may ask its agent or agents questions about the offense, and if its agent or agents answer those questions falsely under oath, on the record, and in the presence of counsel, those false statements will be used against it in a prosecution for perjury or making false statements.

8. <u>Acknowledgment of Guilt; Voluntariness of Plea</u>.

The defendant understands and acknowledges that it:

A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because it is guilty;

B. Is entering into this Plea Agreement without reliance upon any promise of benefit of any kind except as set forth in this Plea Agreement;

C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D. Understands the nature of the offense to which it is pleading guilty, including the penalties provided by law; and

E. Is completely satisfied with the representation and advice received from its undersigned attorney.

9. <u>Scope of Agreement</u>.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to it about any civil or administrative consequences that may result from its guilty plea. The defendant understands such



matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

10. <u>Satisfaction of Federal Criminal Liability; Breach</u>.

The defendant's guilty plea, if accepted by the Court, will satisfy the defendant's federal criminal liability, as well as that of the defendant's past and present employees, in the District of New Hampshire arising from its participation in the conduct that forms the basis of the Information in this case.

The defendant understands and agrees that, if after entering this Agreement, it fails specifically to perform or fulfill completely each one of its obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, it will have breached this Agreement.

The defendant understands and agrees that, should the defendant's guilty plea be accepted, the defendant will deposit $145,600 (representing the stipulated $140,000 fine and $5,600 special assessment) with the Court no later than 14 days before the scheduled sentencing date, which the Court will accept and hold pursuant to 28 U.S.C. § 2041. Failure to deposit these funds in full 14 days prior to sentencing may, in the sole discretion of the United States, be deemed a material breach of this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made



to forbear prosecution of other crimes or recommend a specific sentence or a sentence within a specified range. The defendant also understands that it may not use its breach of this Agreement as a reason to withdraw its guilty plea or as a basis to be released from its guilty plea.

11. <u>Waivers</u>.

A. Appeal.

The defendant understands that it has the right to challenge its guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives its right to challenge on direct appeal:

1. Its guilty plea and any other aspect of its conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court.

The defendant's waiver of its rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel in the negotiation of this Plea Agreement or at the sentencing hearing.

B. Collateral Review

The defendant understands that it may have the right to challenge its guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives its right to collaterally challenge:

1. Its guilty plea, except as provided below, and any other aspect of its conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions



or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court.

The defendant's waiver of its right to collateral review does not operate to waive a collateral challenge to its guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel in the negotiation of the Plea, Plea Agreement or the sentencing hearing. The defendant's waiver of its right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

12. <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

-9-



13. <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

14. <u>Agreement Provisions Not Severable</u>.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

JANE E. YOUNG
United States Attorney

Date: 6/17/22    By: _____
                       Jarad E. Hodes
                       Assistant United States Attorney
                       N.Y. Bar No. 5031158
                       53 Pleasant St., 4th Floor
                       Concord, NH 03301

                       David Lim
                       Trial Attorney
                       Counterintelligence & Export Control
                       Section, National Security Division, U.S.
                       Department of Justice



I, Matthew Grodowski, sole shareholder of Intertech Trading Corporation, the defendant, and empowered by corporate resolution to bind Intertech Trading Corporation in the matter, have read this 11-page Plea Agreement. I fully understand and, on behalf of Intertech Trading Corporation, accept the terms thereof. A copy of the resolution empowering me to sign on behalf of and to bind Intertech Trading Corporation in this matter is attached.

Date: 6/3/22

Matthew Grodowski,
Sole Shareholder,
Intertech Trading Corporation,
Defendant

I have reviewed and explained this 11-page Plea Agreement with Matthew Grodowski, sole shareholder of Intertech Trading Corporation, who is empowered to bind Intertech Trading Corporation, the defendant, and he has advised me that he understands and accepts its terms on behalf of Intertech Trading Corporation.

Date: 6/16/22

Shaheen & Gordon, P.A.
Attorneys for Defendant Intertech Trading Corporation

CONSENT MINUTES OF THE
BOARD OF DIRECTORS OF
INTERTECH TRADING CORPORATION

We, the undersigned, being all of the Directors of INTERTECH TRADING CORPORATION, a New Hampshire corporation with a principal place of business in Atkinson, New Hampshire (hereinafter, the "Corporation"), do hereby consent to the adoption of the following votes pursuant to the Corporation's By-Laws with the same force and effect as if adopted at a duly convened meeting:

VOTED: That a plea of guilty by the Corporation to fourteen counts of Failure to File Export Information in violation of 13 U.S.C. § 305, in the matter of *United States v. Intertech Trading Corporation* in the United States District Court for the District of New Hampshire, is in the best interests of the Corporation and is hereby approved and authorized.

VOTED: That the form of the Plea Agreement by and between the Corporation and the United States Attorney for the District of New Hampshire (attached hereto and incorporated herein by reference) setting forth the terms, provisions, and conditions of the plea of guilty by the Corporation to the above-described count in said matter is hereby approved.

VOTED: That the owner of the Corporation, Matthew Grodowski, hereby is authorized and empowered to sign, on behalf of the Corporation, the Plea Agreement and any and all other documents required by the United States Attorney for the District of New Hampshire to effectuate the terms, provisions, and conditions of the Plea Agreement, to appear in court as the Corporation's representative, and to take any and all other necessary action in furtherance thereof.

VOTED: To enter with the corporate records of the Corporation a copy of these Consent Minutes executed by the Board of Directors of the Corporation.

Notice of time, place, and purpose and all other formalities in connection with these Consent Minutes and the action taken herein is hereby waived.

Dated this ___3___ day of __June__, 2022 at _____, _____.